UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESTER,<br><br>                               Petitioner,<br><br>          v.<br><br>KATHLEEN DICKINSON, Warden,<br><br>                               Respondent. | Civil No.    12- 0110 BTM (PCL)<br><br>**ORDER:**<br><br>**(1)  GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS and**<br><br>**(2) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

Petitioner, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

**APPLICATION TO PROCEED IN FORMA PAUPERIS**

Petitioner has $0.00 on account at the California correctional institution in which he is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action as a poor person without being required to prepay fees or costs and without being required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

//

## **VENUE**

A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). Petitioner is presently confined at California Medical Facility, located in Solano County, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(b). Petitioner indicates that his state court conviction occurred in San Diego County, but also states that his claim concerns a criminal case that occurred in San Luis Obispo Superior Court. (See Pet. at 1, 4.) Thus, it is currently unclear whether this Court has jurisdiction in this matter. Petitioner must tell the Court where he suffered the conviction which he seeks to challenge in this matter.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of

habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Kathleen Dickinson," as Respondent. Additionally, Kamala Harris, the Attorney General of the State of California, is not a proper respondent in this action. Rule 2 of the Rules following § 2254 provides that the state officer having custody of the petitioner shall be named as respondent. Rule 2(a), 28 U.S.C. foll. § 2254. However, "if the applicant is not presently in custody pursuant to a state judgement against which he seeks relief but may be subject to such custody in the future," then "the officer having present custody of the applicant as well as the attorney general of the state in which the judgment which he seeks to attack was entered shall each be named as respondents." Rule 2 (b), 28 U.S.C. foll. § 2254. Here, there is no basis for Petitioner to have named the Attorney General as a respondent in this action.

In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added). See Hernandez v. Ylst, 930 F.2d 714, 719 (9th Cir.

1991); Mannhalt v. Reed, 847 F.2d 576, 579 (9th Cir. 1988); Kealohapauole v. Shimoda, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," and that he is in custody in "violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a).

Here, Petitioner claims he suffered "judicial misconduct, conflict of interest representing as defense counsel" and that counsel withheld discovery evidence in a San Luis Obispo Superior Court case. (Pet. at 4.) Petitioner has attached documents indicating that he has filed grievances with the State Bar of California, and a petition in the California Supreme Court titled "In re the Accusation of [Petitioner] Against an Attorney" accusing an attorney of misconduct. (Pet. at 2-5.) Currently, Petitioner does not claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. If Petitioner is attempting to raise a Constitutional challenge to his attorney's conduct, he must so state.

Further, the Court notes that Petitioner cannot simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. See 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal

court, but in state court." Id. (emphasis added).

Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (Act), signed into law on April 24, 1996, a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The Court also notes that the statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 529 U.S. 1104 (2000). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

//
//
//
//

# CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma pauperis, and **DISMISSES** this action without prejudice and with leave to amend for Petitioner's failure to demonstrate that venue is proper in this Court, name a proper respondent, and state a cognizable federal claim.  To have this case reopened, Petitioner must, **no later than March 27, 2012**, file a First Amended Petition that cures the pleading deficiencies set forth above.  *The Clerk of Court is directed to send Petitioner a blank First Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

DATED:  February 3, 2012

*/s/ Barry Ted Moskowitz*
BARRY TED MOSKOWITZ, Chief Judge
United States District Court