# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESTER,<br><br>    Petitioner,<br><br>v.<br><br>VIMAL SINGH, Warden,<br><br>    Respondents. | Civil No.   12cv110 BTM (PCL)<br><br>**(1) ORDER REOPENING CASE;**<br><br>**(2) NOTICE OF OPPORTUNITY TO CONSENT TO MAGISTRATE JUDGE JURISDICTION (28 U.S.C. § 636(c), F.R.C.P. 73), and**<br><br>**(2) ORDER REQUIRING RESPONSE TO PETITION (28 U.S.C. § 2254, Rule 4)** |

On January 12, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a prisoner trust account statement, which the Court construed as a motion to proceed in forma pauperis. (ECF Nos. 1, 2.) He filed a First Amended Petition on February 2, 2012. (ECF No. 4). On February 3, 2012, the granted Petitioner's motion to proceed in forma pauperis and dismissed the petition without prejudice and with leave to amend.  Petitioner was given until March 27, 2012 to file a Second Amended Petition that cured the pleading deficiencies outlined in the Court's February 3, 2012 Order. (ECF No. 3.) On March 17, 2012, Petitioner constructively filed a Second Amended Petition. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for

forwarding to the clerk of court); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000) (applying *Houston* to federal habeas petitions and state court habeas petitions that began the period of tolling). Petitioner has also consented to Magistrate Judge jurisdiction. (*See* Pet. at 11.)

Accordingly, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

1. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondents contend the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondents contend Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondents shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **May 24, 2012**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall be confined to the basis for Respondents' contention that dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondents shall lodge with the Court all records bearing on Respondents' contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

3. If Respondents file a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **June 25, 2012**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondents which Petitioner believes may be relevant to the Court's determination of the motion.

---

[1] If Respondents contend Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

4. Unless the Court orders otherwise, Respondents shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondents adequate time to respond to Petitioner's claims on the merits.

5. If Respondents do not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondents shall file and serve an answer to the Petition pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **June 8, 2012**. At the time the answer is filed, Respondents shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

6. Petitioner may file a traverse to matters raised in the answer no later than **July 9, 2012**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

7. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

8. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

9. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such

1 party is not represented by counsel). Any document delivered to the Court without a certificate
2 of service will be returned to the submitting party and will be disregarded by the Court.

3     10. Petitioner shall immediately notify the Court and counsel for Respondents of any
4 change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner
5 may be contacted, this action will be subject to dismissal for failure to prosecute.

6     11. **Petitioner has consented to proceed before a United States Magistrate Judge**.
7 Respondent shall execute and return either a "Consent to Exercise of Jurisdiction by a United
8 States Magistrate Judge and Order of Reference" or a "Notice of Intent to Proceed before
9 District Judge" to the Clerk of Court **on or before May 24, 2012**. The parties are free to
10 withhold consent without adverse substantive consequences. The Clerk of Court shall send the
11 appropriate Southern District forms to Respondent along with this Order.

12     **IT IS SO ORDERED.**

13 DATED: April 10, 2012

14
15                  Peter C. Lewis
                 U.S. Magistrate Judge
16                  United States District Court

17
18 Copies to: ALL PARTIES